UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | |
| **ALMOND J. RICHARDSON** | **NO.: 07-00034-BAJ** |

## RULING AND ORDER

Before the Court is the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 372)** and related motions filed by Petitioner, Almond J. Richardson. A hearing is not necessary because "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the following reasons, Petitioner's motion is **DENIED**.

## I. BACKGROUND

As noted by the United States Court of Appeals for the Fifth Circuit, the relevant factual and procedural history of this case are as follows:

> In May 2007, Garfen Neville, a confidential informant, contacted the Narcotics Division of the East Baton Rouge Sheriff's Office to offer information about local narcotics trafficking. Neville reported that an individual, later identified as . . . Almond Richardson, was selling narcotics out of his apartment as well as his business, a store called Just 4 U Fashion.
>
> On May 17, 2007, the officers arranged a controlled narcotics purchase between Neville and Richardson at Richardson's home. . . .
>
> . . . .
>
> A federal grand jury indicted Richardson on charges of distribution of crack cocaine, possession of a firearm by a convicted felon, manufacture of marijuana, possession of marijuana, distribution of

ecstasy, and possession of ecstasy with intent to distribute. Four days before the scheduled trial date, Richardson moved to represent himself. The district court denied Richardson's motion to proceed pro se, and the case proceeded to trial with Richardson represented by retained counsel Steven Moore. All of the Government's witnesses, including Neville, were cross-examined by Moore. Moore specifically questioned Neville about his motives for cooperating with the police, his past arrests and convictions for narcotics-related and violent offenses, and his relationship with Richardson.

. . . .

Richardson appealed his conviction, arguing that the district court erred by denying (1) his motions to suppress, (2) his motion for a *Franks* hearing to present evidence contesting the veracity of the statements in the search-warrant affidavit, and (3) his motion to proceed pro se. *United States v. Richardson* [*Richardson I*], 478 F. App'x 82, 83 (5th Cir. 2012) (per curiam). A panel of this Court found no error in the district court's rulings on the motions to suppress and the motion for a *Franks* hearing, but it concluded that the district court had violated Richardson's Sixth Amendment right of self-representation. *Id.* at 92. Accordingly, the panel vacated Richardson's conviction and sentence and remanded for further proceedings, noting that its disposition of all motions presented to the district court before Richardson invoked his right of self-representation would be controlling on remand. *Id.* at 92 & n.13.

Following remand, the district court accepted Richardson's waiver of his right to counsel and, on the Government's motion, dismissed two counts from the indictment. Richardson, proceeding pro se with standby counsel, was tried for distribution of ecstasy, possession of ecstasy with intent to distribute, and possession of marijuana.

. . . .

. . . . The jury ultimately found Richardson guilty on all counts.

At sentencing, the PSR again assigned a total offense level of 32 and a Guidelines range of 210 to 262 months' imprisonment, and again applied the career-offender enhancement based in part on Richardson's 1999 conviction for armed robbery. Richardson again objected to the career-offender enhancement but now argued that his guilty plea was involuntary. He could not, however, provide any records to support this claim, as the relevant court records, he said, likely had been destroyed

by Hurricane Katrina. The probation office disagreed with Richardson, asserting that it had obtained records supporting the validity of the conviction, "including a charging instrument, waiver of rights form, electronic sentencing minutes, and Louisiana Department of Public Safety and Corrections documents." The district court overruled Richardson's objection and sentenced him to a term of 210 months' imprisonment and five years of supervised release.

*United States v. Richardson (Richardson II)*, 781 F.3d 237, 239–42 (5th Cir. 2015) (footnotes omitted). At his second appeal, petitioner claimed that the Court erred by admitting the prior testimony of a witness who was deceased at the time of the second trial, denying a mistrial based on testimony that Petitioner was an informant, and applying the career offender enhancement at sentencing. *Id.* at 242. The Court of Appeals upheld Petitioner's conviction. *Id.* at 250.

Subsequently, Petitioner filed an application for writ of habeas corpus, alleging the following points of error: (1) prosecutorial misconduct, and (2) an unconstitutional sentence. (Doc. 372-1 at pp. 4–5, 17–18).

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

3

Generally, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *United States v. Frady,* 456 U.S. 152, 167–168 (1982); *Bousley v. United States,* 523 U.S. 614, 621–622 (1998). The § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992).

## III. Discussion

### A. Prosecutorial Misconduct

Prosecutorial misconduct only rises to the level of a constitutional violation if the act "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986).

Petitioner first alleges that the United States "surreptitiously provide[d] John Isaac Davis, a key government witness, with details and facts about it's [sic] case against the petitioner that were completely unknown to the witness through a series of briefings held weeks in advance of trial." (Doc. 372-1 at p. 5). Further, Petitioner argues that the United States "did knowingly and intentionally cause John Isaac Davis . . . to provide false testimony whether promises had been made to him in exchange for his cooperating with the government by testifying against the petitioner." (*Id.*).

Plaintiff did not raise prosecutorial misconduct concerning the witness Davis on either of his two appeals. *See Richardson I,* 487 F. App'x at 83–84; *Richardson II,* 781 F.3d 242. He has provided no good cause for his failure to raise the alleged

4

prosecutorial misconduct in either of his direct appeals. *See Frady,* 456 U.S. at 168. Moreover, Petitioner has demonstrated no actual prejudice. Petitioner provides no support for his bald assertion that the United States improperly provided Davis with information about which he had no personal knowledge. *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam) (holding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). In fact, the portions of the record that Petitioner cites to make his argument actually undermine it. (*See e.g.*, Doc. 346-16 p. 192, ll. 8–18) (Davis testifying that he had provided consistent testimony when interviewed earlier by the United States). Although Petitioner still contends that Davis is lying, Petitioner had a full opportunity to cross examine Davis and present his version of events to the jury. Moreover, Davis's entire plea agreement was admitted into the record as Government Exhibit 12 (*Id.* at p. 184, ll. 6–14), and both the United States and Petitioner questioned Davis about his plea deal. (*Id.* at pp. 180–81, ll. 22–25, 1–21; pp. 199–200, ll. 22–25, 1).

### B. Unconstitutional Sentence

Petitioner asserts that (1) his sentence was unconstitutionally excessive, (2) he was denied an individualized determination of his sentence, (3) he was unconstitutionally sentenced as a career offender under U.S.S.G. § 4B1.1, and (4) he was unconstitutionally sentenced in light of *Johnson v. United States.* (Doc. 372-1 at pp. 17–18).

5

## *1. Excessive and Individualized Sentence*

Petitioner argues that his 210-month sentence—at the low end of his Guidelines range—was unconstitutionally excessive and that the Court failed to make an individualized determination under 18 U.S.C. § 3553(a). Once again, Petitioner did not raise these arguments on direct appeal, and he has provided no good cause for his failure to raise these issues at that time. *See Frady,* 456 U.S. at 168. Further, the Supreme Court has noted that a properly calculated Guidelines sentence is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). And "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates)." *Id.* at 356–57. At sentencing, the Court addressed all of the specific arguments Petitioner raised in his objection to the pre-sentence investigation report, adopted the findings contained therein, and considered the individualized circumstances of Petitioner. For instance, the Court considered the letter of support filed by Petitioner's daughter (Doc. 356-19 at p. 26, ll. 12–19), Petitioner's talents and skills (*Id.* at p. 31, ll. 4–10), Petitioner's "very, very long criminal history" (*Id.* at p. 30, ll. 5–6), and Petitioner's history of making poor decisions (*Id.* at p. 31, ll. 1–2, 15–20).

### 2. *Career Offender and* Johnson

In 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague and therefore "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson v. United States*, -- U.S. --,135 S.Ct. 2551, 2563 (2015). In *Welch v. United States*, -- U.S. --, 165 S.Ct. 1257, 1268 (2016), the Supreme Court also held that Johnson applies retroactively on collateral review. Obviously, the ruling in Johnson is only applicable to those defendants who were sentenced as armed career criminals.

Petitioner was not sentenced as an armed career criminal; rather, he received a career offender enhancement under U.S.S.G. § 4B1.1(a) and U.S.S.G. § 4B1.2(a)(2). (Doc. 319 at ¶ 45). The Supreme Court has held that the career offender Guidelines are not amenable to the vagueness challenge addressed in *Johnson*. *See Beckles v. United States*, -- U.S. --, 137 S. Ct. 886, 894 (2017). Therefore, his *Johnson* challenge has no merit.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 372) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed In Forma Pauperis (Doc. 373) is **GRANTED**.

**IT FURTHER IS ORDERED** that Petitioner' Motion to Appoint Counsel (Doc. 374) is **DENIED** as **MOOT**.

**IT IS FUTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 375) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Unopposed Motion for Rebecca L. Hudsmith to Withdraw as Attorney (Doc. 381) is **GRANTED**.

Baton Rouge, Louisiana, this 13th day of March, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**